Roy WILSON, Appellant,

v.

A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Appellee.

No. 72–1990.

United States Court of Appeals, Fourth Circuit.

Dec. 18, 1972.

Before SOBELOFF, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

## PER CURIAM:

Wilson, a Virginia prisoner, attacks the constitutionality of his Virginia recidivist conviction under Va.Code § 53–296. More specifically he argues that the Virginia Recidivist Statute violates such constitutional principles as double jeopardy, due process and equal protection of the law.

Recidivist statutes are a perfectly legitimate subject of legislative regulation, Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), whose constitutionality is no longer open to challenge. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1961).

The Supreme Court has held in numerous cases that the recidivist principle of additional sentences for habitual offenders does not constitute double jeopardy. In Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Court said:

> The sentence as a * * * habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. [Citations omitted.] Id. at 732, 68 S. Ct. at 1258.

Nor can recidivist statutes be attacked as violative of equal protection. Moore v. Missouri, 159 U.S. 673, 678, 16 S.Ct. 179, 40 L.Ed. 301 (1895). Most recently the Supreme Court noted in Spencer v. Texas, 385 U.S. 554, 559–560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967), the general validity of recidivist statutes and their immunity from the very type of attack attempted here by Wilson. The Court declared:

> * * * No claim is made here that recidivist statutes are themselves unconstitutional, nor could there be under our cases. Such statutes and other enhanced-sentence laws * * * have been enacted in all the States, and by the Federal Government as well * * *. Such statutes, though not in the precise procedural circumstances here involved, have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities. [Citations omitted.] (Emphasis added.)

Recidivist statutes, including the Virginia statute, have been upheld by this court and other courts on several occasions. Wessling v. Bennett, 410 F.2d 205 (8th Cir. 1969); Lawrence v. Peyton, 368 F.2d 294 (4th Cir. 1966); Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964). In light of these precedents and in the absence of a specific constitutional deprivation in Wilson's own recidivist proceeding, the District Judge properly denied Wilson's petition.