**STATE of Alaska, Petitioner,**

v.

**The Honorable Victor D. CARLSON, Judge of the Superior Court, and the Superior Court for the State of Alaska, Third Judicial District, Respondents,**

**Tyrone Davenport, Real Party in Interest.**

**Tyrone DAVENPORT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. 2908, 2913.**

Supreme Court of Alaska.

Feb. 16, 1977.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for State of Alaska.

James L. Johnston of Opland & Johnston, Anchorage, for Davenport.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

CONNOR, Justice.

This petition for a writ of mandamus[1] requires us to construe AS 12.55.050, Alaska's habitual criminal statute.[2]

On July 5, 1969, Tyrone Davenport committed burglary.[3] He was convicted of this offense on December 24, 1969. On July 1, 1971, Davenport committed the offense of receiving and concealing stolen goods. On September 22, 1971 he committed an assault with a dangerous weapon. On February 15, 1972, he was convicted of both assault with a dangerous weapon[4] and receiving and concealing stolen goods.[5] On July 14, 1975 Davenport again committed the offense of receiving and concealing stolen goods. On February 27, 1976 he was convicted of that offense. He was sentenced to eighteen months, to be served concurrently with the sentences imposed for the 1972 convictions. Previously, in July of 1975, Davenport had been indicted as an habitual criminal under AS 12.55.050(3).

1. Jurisdiction is asserted under Alaska R.App.P. 25 and AS 22.05.010(a).

2. AS 12.55.050 provides:

"*Increased punishment for persons convicted of more than one felony.* A person convicted of a felony in this state who has been previously convicted of a felony in this state or elsewhere, if the same crime elsewhere would constitute a felony under Alaska law, is punishable as follows:

(1) If the person is convicted of a felony which would be punishable by imprisonment for a term less than his natural life, and has previously been convicted of one felony, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed for the felony of which that person is convicted.

(2) If the person has previously been convicted of two felonies, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed herein for a second conviction of felony.

(3) If the person has previously been convicted of three or more felonies, then on the fourth conviction he shall be adjudged an habitual criminal, and is punishable by imprisonment for not less than 20 years nor more than the remainder of his natural life."

3. *See* AS 11.20.080.

4. *See* AS 11.15.220.

5. *See* AS 11.20.350.

On April 6, 1976 Davenport was sentenced as an habitual criminal by Judge Carlson who vacated the 18 month sentence previously imposed and resentenced Davenport to five years for receiving and concealing stolen goods.

On April 8, 1976, the state moved to correct the sentence imposed by Judge Carlson on the ground that it was illegal. The state argued that his resentencing as an habitual criminal was governed by AS 12.-55.050(3), which required that a minimum sentence of twenty years be imposed.

Judge Carlson entered a written amended judgment on April 20, 1976, reflecting the five year sentence imposed on April 6, 1976. On April 22, 1976, he denied the state's motion to correct the sentence. The state seeks mandamus to compel the imposition of a 20 year sentence on Davenport.[6]

The issues presented are (1) whether Davenport was properly adjudged an habitual criminal, and if so whether a sentence of less than 20 years may be imposed[7] and (2) whether Davenport was placed twice in jeopardy for the same offense.

I

AS 12.55.050(3) provides that if a person has been convicted of three or more felonies, then on the fourth felony conviction he shall be adjudged an habitual criminal and sentenced to a minimum of 20 years. The state argues that this section is applicable whenever a person who has been convicted of three felonies then commits and is convicted of a fourth felony, regardless of the sequence of those prior offenses and convictions. The state asserts that the purposes of recidivist legislation, which are to protect society, deter criminal conduct and provide felons with an incentive for reformation, would best be effectuated by such an interpretation of the habitual criminal statute. We disagree.

■ Habitual criminal statutes are founded on the general principle that persistent offenders should be subject to greater sanctions than those who have been convicted only once.[8] These statutes serve as a warning to first time offenders and provide them with an opportunity to reform. *See Moore v. Coiner*, 303 F.Supp. 185 (N.D.W. Va.1969); *State v. Lohrbach*, 217 Kan. 588, 538 P.2d 678, 681–82 (1975). It is only upon subsequent convictions for repeated criminal conduct that increasingly stiffer sentences are imposed. The reason the sanctions become increasingly severe is "not so much that [the] defendant has sinned more than once as that he is deemed incorrigible

6. At the sentencing proceeding Judge Carlson remarked that he found the 20 year minimum sentence to be an inappropriate punishment for Davenport. However, as we discuss in the text at page 10, a sentence once imposed may not be later augmented without offending the double jeopardy provision of the Alaska Constitution, art. I, § 9.

In its attempt to convince Judge Carlson that he had imposed an illegal sentence the state conceded that the court could have either imposed the minimum sentence and suspended a portion of that sentence under the provisions of AS 12.55.080 or, suspended the imposition of sentence under AS 12.55.085(a). *See Speas v. State*, 511 P.2d 130 (Alaska 1973). The state argued *Speas* was inapplicable because Judge Carlson did not indicate he was suspending a portion of the sentence but merely imposed a flat sentence of five years.

7. If Davenport had been properly adjudged an habitual criminal, then the imposition of a five year sentence would have been illegal. *See* AS 12.55.050(3).

8. *See generally* Annot., 24 A.L.R.2d 1247 (1952). All but two states have statutes imposing increasingly severe penalties on habitual offenders. Note, *Statutory Structures for Sentencing Felons to Prison*, 60 Colum.L.Rev. 1134, 1157 (1960). In at least 21 states punishment for habitual criminality is mandatory. *Id.* at 1158. Sentences range in severity from a mandatory life term with no parole after the third conviction in Tennessee, Tenn.Code Ann. § 40–2801 *et seq.* (1975), to a term of not less than five years after the third conviction in Idaho. Idaho Code Ann. § 19–2514 (1975 Supp.). ABA Standards Relating to Sentencing Alternatives and Procedures § 3.3, Commentary at 166 (1968).

For a general description of habitual criminal statutes see Note, *Statutory Structures for Sentencing Felons to Prison*, 60 Colum.L.Rev. 1134, 1157–58 (1960); Model Penal Code § 7.03, Commentary at 39–40 (Tent.Draft No. 2, 1954).

when he persists in violations of the law after conviction of previous infractions." Annot., 24 A.L.R.2d 1247, 1249 (1952).

A majority of jurisdictions, recognizing both the purposes underlying habitual criminal statutes and the severity of their penalties, require for their application that prior convictions must precede the commission of the principal offense. *Id.* and cases cited therein. As the state points out, in most of the cases construing these statutes, the sequence of prior convictions is not in issue. However, where the sequence of prior convictions is in issue, the rule followed in the majority of jurisdictions is that each successive felony must be committed after the previous felony conviction in order to count towards habitual criminal status.[9] *E. g., Johnson v. Cochran,* 139 So.2d 673 (Fla. 1962); *Gossett v. Commonwealth,* 302 S.W.2d 380 (Ky.1957); *see State v. Johnson,* 109 N.J.Super. 69, 262 A.2d 238 (1969) (second violation and indictment thereon must occur after first conviction); 4 *Wharton's Criminal Procedure* § 631 (12th ed. 1976); Annot., 24 A.L.R.2d 1247, 1249 (1952).

Accordingly, it has been held that two or more convictions on the same day on two or more indictments, or on two or more counts of the same indictment, constitute only one conviction for the purposes of the habitual offender statute. Annot., 24 A.L.R.2d 1247, 1249 (1952).

However some courts hold that the sequence of convictions is immaterial. In the case at bar, the state has relied upon the decisions in two of those jurisdictions, Oregon and New York, which have statutes similar to AS 12.55.050.[10] In particular it relies on *Castle v. Gladden,* 201 Or. 353, 270 P.2d 675 (1954), and *Terwilliger v. Turk,* 156 Miss. 246, 281 N.Y.S. 527 (S.Ct.1935). *Accord, People ex rel. Reynolds v. Morhous,* 268 App.Div. 843, 50 N.Y.S.2d 272 (1944).

In *Castle v. Gladden, supra,* the Oregon court, while acknowledging that other courts require a particular sequence of offenses and convictions, concluded that the language of its habitual criminal statute should be interpreted literally. However, its conclusion was motivated at least in part by a significant change in the law. The first Oregon habitual criminal statute required that the "dates of the convictions relied upon to increase the penalty be prior to the commission of the subsequent offense." *Castle v. Gladden, supra* at 681, quoting from General Laws of Oregon 1921, ch. 70. However, this statute was subsequently repealed, and in its place was substituted a statute patterned after § 1942 of the New York Penal Law, which omitted any reference to a particular sequence of commission and conviction. The Oregon court chose to follow the New York rule enunciated in *Terwilliger v. Turk, supra* which holds that in applying the habitual offender statute the sequence of commission and conviction is immaterial.

We decline to follow the New York and Oregon approach for several reasons. First, the Alaska statute has not been rewritten as was the Oregon statute. Therefore, there is nothing which would necessarily lead us to the result reached by the Oregon court. Second, there has been no recent reaffirmation of the rule articulated in *Terwilliger, supra,* and followed in *Gladden,*

---

**9.** Some statutes specifically state what offenses count towards habitual criminal status. *See* Ky.Rev.Stat. § 532.080(4) (1976 Supp.) (two or more convictions of crime where uninterrupted or concurrent terms constitute only one conviction); Cal.Penal Code § 644 (West 1970) (charges must be separately brought and terms must be separately served).

**10.** The Oregon habitual criminal statute was modeled after § 1942 of the New York Penal Law. *Castle v. Gladden,* 201 Or. 353, 270 P.2d 675, 680 (1954). The Oregon statute then in effect read in part as follows:

"§ 26–2803. A person who, after having been three times convicted within this state of felonies or attempts to commit felonies, or, under the law of any other state, government or country, of crimes which, if committed within this state would be felonious, commits a felony within this state, shall be sentenced, upon conviction of such fourth, or subsequent offense, to imprisonment in a state prison for the term of his natural life."

(The present Oregon statute, ORS § 161.725 (1975), is significantly different.)

*supra*; in light of current changes in the theory of criminal justice, the wisdom of these precedents may be doubtful. *See generally* ABA Standards Relating to Sentencing Alternatives and Procedures § 3.3 (1968). In support of its position that Alaska should follow the minority view espoused in *Castle v. Gladden, supra*, the state argues that if the sequence of prior felonies were material to the determination of whether an individual should be adjudged an habitual criminal, the legislature would have written the statute accordingly.

■ Admittedly, AS 12.55.050 does not specifically state that in order for a felony conviction to count toward habitual criminal status an offender must commit a felony, be convicted therefor, and begin to serve his sentence before the commission of a subsequent felony. However, as Davenport points out, the statute has three components, each of which requires the commission of a subsequent offense after a previous conviction, before a harsher penalty may be imposed. Thus a criminal convicted of one felony may be imprisoned for, at most, the longest term prescribed for the felony of which he was convicted. A criminal convicted of a second felony may be imprisoned for a maximum of twice the longest term prescribed for the second felony conviction. On the third conviction the possible sentence again doubles. Thus, the maximum sentence on the third conviction is four times the longest term prescribed statutorily for the felony involved in that conviction. On the conviction of the fourth felony, a defendant who has been previously convicted of three felonies must be adjudged an habitual criminal, and is to be imprisoned for not less than twenty years and not more than his natural life. Thus, a reading of the statute as a whole leads us to the conclusion that it is the accumulation of prior offenses, indicating the defendant has not reformed his behavior, rather than merely the gross number of offenses, which should be determinative of habitual criminal status.

■ Moreover, there are sound policy reasons for requiring each prior offense and conviction to follow in sequence in order to accumulate under AS 12.55.050. Davenport points outs, and the state acknowledges, that when a convicted criminal has not taken advantage of the opportunity to reform and subsequently commits another crime, he may be considered a worse offender than one with no previous convictions. It is then reasonable to subject him to harsher sanctions. However, where, as in the case of Davenport, two convictions occur on the same day, the opportunity for reformation is afforded to him only once, not twice.

■ Thus, if the state's position were adopted, an individual who committed four crimes within a short time, and was given at most one opportunity to reform, would be treated the same as a defendant who has had three opportunities to reform over a substantial period of time, but has persisted in his criminal conduct.

We believe that such a literal reading of AS 12.55.050 would distort the underlying purpose of this statute and would be inconsistent with the principle that habitual criminal statutes are to be strictly construed in favor of the defendant. *Moore v. Coiner*, 303 F.Supp. 185, 188 (N.D.W.Va. 1969).

Thus, Davenport should have been sentenced under AS 12.55.050(2) which provides for an enhanced sentence upon the conviction of a third felony.[11]

## II

Defendant argues that he was placed twice in jeopardy for the same offense, in violation of article I, § 9 of the Alaska Constitution.

---

11. Davenport cannot be resentenced under AS 12.55.050(2) to more than the 18 month sentence originally imposed without placing him twice in jeopardy. *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971). *Accord, United States v. Durbin*, 542 F.2d 486 (8th Cir. 1976). *Cf. North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (same result under due process).

Habitual criminal statutes have been found not violative of the fifth amendment prohibition against double jeopardy, because these statutes do not create separate offenses but merely enhance the punishment for the latest offense. *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); *Wilson v. Slayton,* 470 F.2d 986 (4th Cir. 1972); *Davis v. Bennett,* 400 F.2d 279, 286 (8th Cir. 1968).

■ AS 12.55.050, however, raises double jeopardy problems under the Alaska Constitution. AS 12.55.060 provides that when the trial court sentences a defendant under AS 12.55.050, it must vacate the sentence originally imposed. This violates the rule articulated in *Sonnier v. State,* 483 P.2d 1003 (Alaska 1971), where we held that once a sentence has been meaningfully imposed it may not be later increased without offending the double jeopardy provision of the Alaska Constitution.

■■ This does not mean that the trial court may never impose an enhanced penalty under AS 12.55.050, but that it may do so only where the sentence for the latest offense has not already been imposed. Therefore, sentencing should be delayed until the information or indictment under the habitual criminal statute has been filed. This avoids double jeopardy problems under *Sonnier, supra.*

We deny the petition for mandamus, but vacate the judgment and reinstate the original 18 month sentence.[12]

BURKE, J., not participating.

---

**12.** The State's appeal of the eighteen month and five year sentences on the ground that these are too lenient is currently pending before this court. *See* AS 12.55.120(b); *State v. Wortham,* 537 P.2d 1117 (Alaska 1975).