**Louis GONZALES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3348.**

Supreme Court of Alaska.

April 6, 1979.

Donald L. Saltzman, Beverly Hills, and Victor Sherman, of Sherman, Nasatir, Sherman & Hirsch, Los Angeles, Cal., Lawrence J. Kulik, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

RABINOWITZ, Chief Justice.

Gonzales was indicted on two counts for sales of a narcotic drug, namely, heroin,[1] to a police informant on two separate occasions. Following trial by jury, Gonzales was found guilty of both charges and sentenced to serve consecutive terms of twenty years imprisonment on each count.[2] From his conviction and sentence, Gonzales brings this appeal.

■ Gonzales first claims that he is entitled to a new trial because eleven of the twelve jurors in his trial had been voir dired in connection with a related trial in which the state's primary witness was to be the same informant. We find this specification of error devoid of merit.[3]

■ Gonzales next asserts that the superior court erred in denying his motion for new trial because the prosecutor's suggestion that he should give a voice exemplar, made in the presence of the jury, violated his constitutional right to remain silent. Assuming arguendo that the prosecutor's

1. AS 17.10.010 provides:

    It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, or compound any narcotic drug except as authorized in this chapter.

2. The consecutive twenty-year terms were ordered to be served concurrently to a twenty-five-year term Gonzales had received upon a plea of guilty to a narcotics possession offense. Gonzales appealed his possession conviction and this court affirmed the conviction. *Gonzales v. State*, 586 P.2d 178 (Alaska 1978). In regard to that appeal, we deferred ruling on the portion of the appeal dealing with the sentence imposed until a decision was reached as to the issues raised in Gonzales' appeal in the present case. In *Gonzales v. State*, 593 P.2d 262, also being issued today, we vacate the sentence on the possession conviction and remand that case for resentencing along with this one.

3. No transcript of the voir dire has been made available to this court; and we have not been advised that any information was conveyed to the jury during that proceeding that was not also covered extensively in the testimony of the same informant in the present case. The jury in the related case was released immediately after the voir dire. Thus, on this record we cannot say that there is any suggestion that Gonzales might have been prejudiced by the procedure followed in selecting the jury.

remark constituted prosecutorial misconduct,[4] we are of the view that the superior court did not commit an abuse of discretion in denying Gonzales' motion for mistrial, particularly in light of the strong case the government had presented.

■ Gonzales' final point on appeal consists of an attack on the two consecutive twenty-year terms of imprisonment which were imposed by the superior court.[5] Gonzales' total sentence to be served at the present time consists of two twenty-year sentences entered in the case at bar which are to be served consecutively to whatever sentence the superior court imposes in regard to a 1972 sale conviction,[6] and a further twenty-five-year sentence for possession which is to be served concurrently with the other sentences.[7]

4. At the time of Gonzales' trial, Alaska R. Crim.P. 16(c)(1) provided:

> *Non-Testimonial Identification Procedures.* A judicial officer may upon motion, for good cause shown, require the accused to do or submit to any or all of the following:

> .  .  .  .  .

> (ii) Speak for identification by witnesses to an offense;

Effective January 1, 1979, Criminal Rule 16(c)(2)(ii) is amended to read:

> Speak words, phrases or sentences relevant to the case for identification by witnesses.

It is still within the discretion of the trial judge as to whether to require the speaking of particular words, phrases, or sentences. In making this decision, in cases where the words are to be spoken before a jury, the judge should take into account possible prejudice to the defendant from the particular nature of the words requested to be spoken.

5. Gonzales contends that the sentence is excessive as well as violative of the prohibition against cruel and unusual punishment found in both the Federal and Alaska Constitutions. Our disposition of this facet of Gonzales' appeal makes it unnecessary to address these arguments.

6. On appeal from this 1972 conviction, Gonzales' case was remanded for resentencing in light of the decision in *Speas v. State*, 511 P.2d 130 (Alaska 1973), that the mandatory sentence provision of AS 17.10.200 was impliedly repealed. After a thirty-one-month delay, Gonzales was resentenced by the superior court to ten years imprisonment. On appeal to this court, resentencing was again ordered, this time because the trial court improperly treated the offense as a second offense for purposes of sentencing. *Gonzales v. State*, 582 P.2d 630 (Alaska 1978).

The following chart shows the relevant dates and sentences imposed.

| Offense | Date Committed | Date Convicted | Sentence Received |
|---|---|---|---|
| (1) Possession of heroin with intent to deliver | April 15, 1972 | Nov. 2, 1972 | 10 years suspended, probation * |
| (2) Sale of heroin (1 count) | July 20, 1972 | Apr. 3, 1973 | 10 years |
| (3) Sale of heroin (2 counts) | July 21, 1976 July 26, 1976 | Jan. 24, 1977 Jan. 24, 1977 | 20 years for each count, to be served consecutively |
| (4) Possession of heroin | Aug. 12, 1976 | Feb. 17, 1977 | 25 years to be served concurrently with other sentences |

* Gonzales' probation was revoked upon his first conviction of sale of heroin, and he was sentenced to ten years imprisonment. He was subsequently paroled on July 30, 1975.

7. *See* note 2 *supra* for an explanation of the status of Gonzales' appeal from his possession sentence.

The state has confessed error in this case, asserting that appellant must be resentenced under this court's recent holding in *Gonzales v. State*, 582 P.2d 630 (Alaska 1978). *Gonzales* held that the increased statutory penalties in AS 17.10.200(a) [8] for each subsequent conviction under the narcotics statutes may be applied only if the commission of the subsequent offense is preceded by a conviction of the prior offense. The *Gonzales* decision relied on our previous decision in *Carlson v. State*, 560 P.2d 26 (Alaska 1977), which held that the habitual offender statute, AS 12.55.050(3), [9] may be applied only to a fourth offense committed after three previous convictions in which the successive offense in each case was committed after conviction for the preceding offense.

We explained the rationale for our holding in *Carlson* that accumulated prior offenses, rather than merely the gross number of offenses, should be determinative of the defendant Tyrone Davenport's habitual criminal status in the following manner:

> Moreover, there are sound policy reasons for requiring each prior offense and conviction to follow in sequence in order to accumulate under AS 12.55.050. Davenport points out, and the state acknowl-

edges, that when a convicted criminal has not taken advantage of the opportunity to reform and subsequently commits another crime, he may be considered a worse offender than one with no previous convictions. It is then reasonable to subject him to harsher sanctions. However, where, as in the case of Davenport, two convictions occur on the same day, the opportunity for reformation is afforded to him only once, not twice.

> Thus, if the state's position were adopted, an individual who committed four crimes within a short time, and was given at most one opportunity to reform, would be treated the same as a defendant who has had three opportunities to reform over a substantial period of time, but has persisted in his criminal conduct.

560 P.2d at 30. This court went on in *Carlson* to point out as to the state's position that:

> We believe that such a literal reading of AS 12.55.050 would distort the underlying purpose of this statute and would be inconsistent with the principle that habitual criminal statutes are to be strictly construed in favor of the defendant. [10]

The same rationale was espoused in *Gonzales v. State*, 582 P.2d 630, 636 (Alaska

---

**8.** AS 17.10.200(a) provides:

A person who violates any provision of this chapter except a provision relating to the keeping of records, upon conviction, is punishable by a fine of not more than $5,000 and by imprisonment for not less than two nor more than 10 years. For a second offense, or for a first offense where the offender has previously been convicted of a violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs, the offender is punishable by a fine of not more than $7,500 and by imprisonment for not less than 10 nor more than 20 years. For a third or subsequent offense, or if the offender has previously been convicted two or more times of a violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs, the offender is punishable by a fine of not more than $10,000 and by imprisonment for not less than 20 nor more than 40 years.

**9.** AS 12.55.050 provides:

*Increased punishment for persons convicted of more than one felony.* A person convicted of a felony in this state who has been

previously convicted of a felony in this state or elsewhere, if the same crime elsewhere would constitute a felony under Alaska law, is punishable as follows:

(1) If the person is convicted of a felony which would be punishable by imprisonment for a term less than his natural life, and has previously been convicted of one felony, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed for the felony of which that person is convicted.

(2) If the person has previously been convicted of two felonies, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed herein for a second conviction of felony.

(3) If the person has previously been convicted of three or more felonies, then on the fourth conviction he shall be adjudged an habitual criminal, and is punishable by imprisonment for not less than 20 years nor more than the remainder of his natural life.

**10.** *Carlson v. State*, 560 P.2d 26, 30 (Alaska 1977) (citation omitted).

1978), in interpreting the increased statutory penalties in AS 17.10.200(a) for repetitive narcotics offenders. In *Gonzales* we stated:

> The obvious purpose of the increased penalties prescribed by the statute is the same as that underlying habitual criminal statutes: persistent offenders should be subject to greater sanctions than those who have been convicted only once. In *State v. Carlson*, 560 P.2d 26 (Alaska 1977), we held that a second offense may be considered as such for the purposes of a habitual criminal statute only if it is preceded by a conviction of the first offense. It is the failure of the defendant to respond to the sanctions imposed following the first offense which justifies enhanced penalties for a second offense. '[W]hen a convicted criminal has not taken advantage of the opportunity to reform and subsequently commits another crime, he may be considered a worse offender than one with no previous convictions. It is then reasonable to subject him to harsher sanctions.' [11]

Applying the statutory conviction requirements for second and third time narcotics offenders in AS 17.10.200(a) to the present case yields the following results. Gonzales' 1972 conviction for possession of heroin is his first offense for purposes of the statute. His subsequent conviction in 1973 for sale of heroin does not count as appellant's second offense because the crime was committed prior to the time the first conviction was entered. Therefore, Gonzales' second offense under AS 17.10.200(a) is his present conviction on two counts of the sale of heroin committed in 1976.[12]

Recognizing that the judge in this case incorrectly viewed the present convictions as Gonzales' third and fourth convictions for purposes of enhancing the penalty possibilities, the state correctly has confessed error. The range of penalties available to the sentencing judge for a second narcotics offense is from ten to twenty years imprisonment, as opposed to a range of from twenty to forty years for a third or subsequent offender.[13] This court held in *Donlun v. State*, 527 P.2d 472, 474 (Alaska 1974) (citation omitted), that:

> The fact that the sentence did not exceed the maximum allowed . . .—10 years—is of no consequence, for if the sentencing court had believed 10 years, rather than 20 years, to be the maximum possible sentence, it might well have imposed a more lenient sentence. We therefore believe the appellant should be resentenced.

In *Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978), this court held with regard to the same defendant as in the instant prosecution, that the trial court's mistaken assumption at sentencing that Gonzales was a second time offender for purposes of AS 17.10.200(a) required resentencing.[14] Similarly, in the present case where appellant was mistakenly found to be a third and fourth time offender, when his actual status is that of a second time narcotics offender, resentencing is required.

We thus conclude that Gonzales' convictions of sales of narcotic drugs should be affirmed but that his sentence on the two convictions should be vacated and the matter remanded to the superior court for resentencing proceedings in accordance with this opinion. Gonzales' sentence for possession of narcotics [15] suffers from the same

---

11. *Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978) (citation omitted).

12. It should be noted that consistent with this rationale, the 1977 conviction for possession could not be counted as Gonzales' third narcotics conviction because the offense was committed before entry of judgment in the sales cases.

13. AS 17.10.200(a). *See* note 8 *supra*.

14. In *Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978), this court explained further that:

> The fact that the sentencing court mistakenly believed that ten (10) years was the minimum sentence prescribed rather than the maximum is not dispositive on the question whether a ten (10) year sentence was inappropriate for Gonzales. However, it is a mistake which requires resentencing.

15. *See* note 2 *supra*.

infirmity and therefore is also vacated and remanded for resentencing.[16]

Affirmed and Remanded for resentencing.

**16.** Upon remand this case is to be reassigned to the Honorable Ralph E. Moody for imposition of sentence. At oral argument, counsel for appellant requested that if resentencing is ordered in this appeal and any related appeals taken by Gonzales that all sentencing be carried out by a single superior court judge. Given the interrelationship of the still pending cases against Gonzales, we view counsel's request as embodying a salutary procedure.