Johnny L. CLARK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7343.

Court of Appeals of Alaska.

Sept. 22, 2000.

Diane L. Foster, Assistant Public Defender, Kenai, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and
MANNHEIMER and STEWART, Judges.

## O P I N I O N

MANNHEIMER, Judge.

In this appeal, we are asked to decide whether presumptive sentencing applies to defendants convicted of felony driving while intoxicated. We hold that it does.

Johnny L. Clark drove a motor vehicle while he was intoxicated, a violation of AS 28.35.030(a). This offense is normally a misdemeanor; but because Clark had two prior convictions for this crime within the preceding five years, his offense was a class C felony under AS 28.35.030(n). Clark pleaded no contest to this charge.

Clark had thirty-one prior criminal convictions. These convictions included two felonies: third-degree assault and attempted second-degree sexual assault. Based on Clark's two prior felonies, Superior Court Judge Charles K. Cranston ruled that Clark was subject to presumptive sentencing as a third felony offender. Because felony DWI is a class C felony, the judge ruled that Clark faced a 3-year presumptive term.[1]

Judge Cranston found one pertinent aggravating factor under AS 12.55.155(c): aggravator (c)(8)—that Clark's criminal history included aggravated or repeated instances of assaultive behavior. (Besides his two assaultive felonies, Clark had been convicted of seven misdemeanor assaults over the past twenty years.) Based on this aggravator, Judge Cranston adjusted Clark's presumptive term by adding 6 months to serve and an additional 1½ years suspended. That is, Clark was sentenced to 5 years' imprisonment with 1½ years suspended (3½ years to serve).

In this appeal, Clark contends that presumptive sentencing does not apply to his offense. He points out that, in AS 28.35.030(n), the legislature has enacted a series of mandatory minimum sentences for felony DWI—minimum sentences that escalate depending on how many times the defendant has been convicted of DWI or breathtest refusal within the preceding ten years.[2] Clark argues that these mandatory minimum sentences are intended to supplant or supersede the "minimum sentences" contained in the presumptive sentencing statutes (specifically, in AS 12.55.125).

 Clark's argument is flawed because the presumptive terms listed in AS 12.55.125 are not "minimum sentences". A mandatory minimum sentence represents the legislature's judgement concerning "[the] minimum sentence ... appropriate for [an] offender whose conduct is the least serious contemplated by the definition of the offense".[3] A presumptive term, on the other hand, represents the legislature's judgement as to the appropriate sentence for a typical felony offender (i.e., an offender with the specified number of prior felony convictions, and with a typical background) who commits a typical act within the definition of the offense.[4] Thus, the mandatory minimum sentences for felony DWI listed in AS 28.35.030(n) serve a different purpose from the presumptive terms for class C felonies listed in AS 12.55.125(e).

Under AS 12.55.125(e), the sentencing range for class C felonies is normally 0 to 5 years. For defendants with at least one prior felony conviction, the presumptive terms listed in 125(e)(1) and (e)(2) establish the starting point for sentencing within that 0- to 5-year range. For instance, because Clark is a third felony offender, his presumptive term of imprisonment was 3 years, but the sentencing judge had the authority to adjust that presumptive term—increasing Clark's sentence up to 5 years or decreasing it down to 0 years—if aggravating and/or mitigating factors were proved.[5] (Even in

---

1. See AS 12.55.125(e)(2).

2. See AS 28.35.030(o)(4).

3. Middleton v. Anchorage, 673 P.2d 283, 284 (Alaska App.1983).

4. See Mullin v. State, 886 P.2d 1323, 1328 (Alaska App.1994). See also Juneby v. State, 641 P.2d 823, 833, 838 (Alaska App.1982), modified and superseded on other grounds, 665 P.2d 30 (Alaska App.1983).

5. See AS 12.55.155(a)(1).

the absence of aggravating or mitigating factors, Judge Cranston could have referred Clark's case to the statewide three-judge panel under AS 12.55.165.)

The mandatory minimum sentences listed in AS 28.35.030(n) perform another function: they modify the 0– to 5–year sentencing range that would otherwise apply to a class C felony. In other words, even though there is normally no mandatory minimum sentence for class C felonies (even for offenders who have multiple prior felony convictions), the legislature has created special mandatory minimum sentences for this particular class C felony. These minimum sentences hinge, not on the offender's prior felony record, but on the offender's prior record of DWI and breath-test refusal convictions.

The felony version of DWI is relatively new; it was enacted in 1995.[6] Because DWI has traditionally been a misdemeanor, many defendants prosecuted under the felony provision of the statute will be first felony offenders even though they have many prior DWI convictions within the preceding ten years. The minimum sentences listed in the statute guarantee that these first felony offenders will receive the stated amount of jail time.

For example, Clark had four or more prior convictions for DWI and/or breath-test refusal within the ten years preceding his current offense. (To be precise, Clark had five prior convictions.) Because of these prior convictions, Clark was subject to a mandatory minimum sentence of 360 days' imprisonment.[7] This would be true even if Clark had had no prior felony convictions and had not faced a presumptive term.

In this case, Clark had two prior felony convictions, so his presumptive term of imprisonment was 3 years. But the minimum sentence specified in AS 28.35.030(n) still applied. Even if Judge Cranston had found mitigating factors and had wanted to impose no jail time, or even if Judge Cranston had

referred Clark's case to the three-judge sentencing panel and the three-judge panel had concluded that Clark deserved little or no jail time, Clark would still have to receive a minimum of 360 days to serve.

For these reasons, we reject Clark's contention that presumptive sentencing does not apply to felony DWI. This offense is governed both by the presumptive sentencing laws and the mandatory minimum sentences established in AS 28.35.030(n). There is only one inconsistency between AS 28.35.030(n) and the usual rules of felony sentencing codified in AS 12.55.125—175: normally, there is no mandatory minimum sentence for class C felonies, but the legislature has created mandatory minimum sentences for felony DWI. Because a more specific sentencing statute such as AS 28.35.030(n)(1) takes precedence over the general sentencing statute, AS 12.55.125(e)[8], Clark is subject to the mandatory minimum sentence specified in AS 28.35.030(n)(1).

Clark raises two more issues on appeal.

First, Clark contends that Judge Cranston gave inordinate sentencing weight to Clark's history of assaultive crimes (aggravator (c)(8)). Clark's argument is premised on the assertion that Judge Cranston increased Clark's time to serve by 2½ years (from 360 days to 3½ years) based on this aggravator. But Clark is again relying on the erroneous notion that a mandatory minimum sentence is the same thing as a presumptive term. Clark faced a presumptive term of 3 years to serve. Judge Cranston did not use aggravator (c)(8) to increase Clark's time to serve by 2½ years. Rather, the judge relied on this aggravator to increase Clark's time to serve by 6 months.

Clark does not offer any argument why this 6–month increase was clearly mistaken.[9] We have independently reviewed the record, and we conclude that it supports Judge Cranston's decision.

**6.** See SLA 1995, ch. 80, §§ 3–7.

**7.** See AS 28.35.030(n)(1)(C).

**8.** See In re Hutchinson, 577 P.2d 1074, 1075 (Alaska 1978).

**9.** See Lepley v. State, 807 P.2d 1095, 1099 n. 1 (Alaska App.1991) (a sentencing judge's decision regarding how much to adjust a presumptive term based on aggravating or mitigating factors is reviewed under the "clearly mistaken" test).

██ Finally, Clark argues that his sentence (5 years with 1½ years suspended) is excessive. But Clark's argument is essentially a reiteration of the contention that his presumed sentence should have been 360 days to serve. This is incorrect. A sentence of 360 days was the absolute minimum that Clark could receive under any circumstance. A sentence of 3 years was what Clark would presumptively have received if Judge Cranston had concluded that Clark's offense was a typical felony DWI and that Clark was a typical third felony offender. Judge Cranston concluded, however, that Clark was a serious offender whose record of alcohol abuse and violence called for an upward adjustment of the 3-year presumptive term. Having reviewed the record, we conclude that Clark's sentence is not clearly mistaken.[10]

The judgement of the superior court is AFFIRMED.

---

**10.** *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).