**Xeuy SIKEO, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10558.

Court of Appeals of Alaska.

July 1, 2011.

---

15. *Id.* at 512, 514–15.

16. 808 P.2d 268, 269–70 (Alaska App.1991).

17. 984 P.2d 5, 6–7 (Alaska App.1999).

Doug Miller, Assistant Public Advocate (opening brief), Robert Lee Griffin, Assistant Public Advocate (reply brief), and Rachel

Levitt, Public Advocate, Anchorage, for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

MANNHEIMER, Judge.

Xeuy Sikeo had sexual intercourse with the 11–year–old daughter of his girlfriend. The girl became pregnant and later gave birth to a baby (which she relinquished for adoption). DNA testing confirmed that Sikeo was the father of this baby.

Based on this conduct, Sikeo was convicted of first-degree sexual abuse of a minor. Because Sikeo had two prior convictions for attempted second-degree sexual abuse of a minor, his sentencing was governed by AS 12.55.125(i)(1)(F). This statute prescribes a 99–year presumptive term of imprisonment for defendants convicted of first-degree sexual abuse of a minor if the defendant has two or more prior convictions for any of the sexual felonies listed in AS 12.55.185(16).[1] Sikeo in fact received this presumptive 99–year term.

In this appeal, Sikeo contends that the 99–year presumptive term prescribed by AS 12.55.125(i)(1)(F) is so disproportionate to his offense that it constitutes "cruel and unusual punishment" under the Eighth Amendment to the United States Constitution and under Article I, Section 12 of the Alaska Constitution.

Sikeo's contention rests on two underlying assertions about Alaska sentencing law.

Sikeo's first underlying assertion concerns the nature of the 99–year term of imprisonment specified for defendants who, like Sikeo, are convicted of first-degree sexual abuse

---

1. AS 12.55.185(16) defines "sexual felony" for these purposes as: sexual assault in either the first, second, or third degree; sexual abuse of a minor in either the first or second degree; incest; unlawful exploitation of a minor; distribution or possession of child pornography; and indecent exposure in the first degree—as well as any felony-level attempt, conspiracy, or solicitation to commit any of these crimes.

of a minor and have at least two prior convictions for sexual felonies. Sikeo asserts that this term of imprisonment is a "mandatory" 99–year term. As we explain in this opinion, this characterization is incorrect. The 99–year term prescribed by AS 12.55.125(i)(1)(F) is a "presumptive" term of imprisonment, not a "mandatory" term of imprisonment.

Sikeo's second underlying assertion is that the proportionality of this presumptive term of imprisonment should be assessed by comparing it to the penalty range for a first felony offender convicted of murder. For the reasons explained here, we disagree with this assertion as well. We conclude that the proper point of comparison is the 99–year mandatory term of imprisonment specified in AS 12.55.125(a)(1) for all defendants who are convicted of a third unclassified or class A felony.

### Sikeo's argument that he faced a mandatory 99–year sentence

■ Sikeo asserts that, under the terms of AS 12.55.125(i)(1)(F), he faced a "mandatory" 99–year sentence. This is incorrect. The 99–year term of imprisonment specified in AS 12.55.125(i)(1)(F) is not a mandatory minimum term of imprisonment, but rather a *presumptive* term of imprisonment. (We discussed this distinction *Soundara v. State*, 107 P.3d 290, 300 (Alaska App.2005), and in *Clark v. State*, 8 P.3d 1149, 1150–51 (Alaska App.2000).)

Here are the relevant provisions of AS 12.55.125(i):

A defendant convicted of ... sexual abuse of a minor in the first degree ... may be sentenced to a definite term of imprisonment of not more than 99 years and shall be sentenced to a definite term within the following presumptive ranges, subject to adjustment as provided in AS 12.55.155–12.55.175:

(E) if the offense is a third felony conviction and the defendant is not subject to sentencing under (F) of this paragraph or (*l*) of this section, 40 to 60 years; [and]

(F) if the offense is a third felony conviction, the defendant is not subject

to sentencing under (*1*) of this section, and the defendant has two prior convictions for sexual felonies, 99 years[.]

Under this statute, when a "third felony offender" (that is, a defendant with at least two prior felony convictions—*see* AS 12.55.185(17)) is convicted of first-degree sexual abuse of a minor, the defendant faces a presumptive sentencing range of 40 to 60 years if their prior felony convictions do not include two prior *sexual felonies* (as defined in AS 12.55.185(16)). If, on the other hand, the defendant's prior felony convictions include two or more sexual felonies, then the presumptive sentencing range increases to a presumptive term of 99 years. But in either case, under the express language of the opening paragraph of the statute, the defendant's prescribed sentence is "subject to adjustment as provided in AS 12.55.155–12.55.175".

The sentencing statute's reference to AS 12.55.155 means that the 99–year presumptive term can be adjusted by the sentencing judge, pursuant to AS 12.55.155(a), for any of the statutory mitigating factors listed in AS 12.55.155(d). If the defendant proves one or more of these mitigating factors, the sentencing judge has the authority to reduce the 99–year term of imprisonment by up to fifty percent. *See* AS 12.55.155(a)(2):

[I]f a defendant ... is subject to sentencing under AS 12.55.125(c), (d), (e), or (i) and ... the low end of the presumptive range is more than four years, the court may impose a sentence below the presumptive range as long as the active term of imprisonment is not less than 50 percent of the low end of the presumptive range for factors in mitigation....

The sentencing statute's reference to AS 12.55.165—175 means that if the statewide three-judge panel concludes that manifest injustice would result from failure to consider a non-statutory mitigator when formulating the defendant's sentence, the panel has the authority to reduce the defendant's sentence by up to fifty percent of the specified 99–year presumptive term based on this non-statuto-

ry mitigator.[2] Moreover, if the three-judge panel concludes that the prescribed term of imprisonment (even after adjustment for mitigators) is manifestly unjust, the panel can sentence the defendant to any term of imprisonment within the 0–to 99–year range specified in AS 12.55.125(i)(1). *See* AS 12.55.175(c).[3]

We acknowledge that when defendants like Sikeo are sentenced as repeat sexual offenders under AS 12.55.125(i)(1)(F), they are not eligible for good time credit.[4] And because these defendants do not earn good time credit, they never become eligible to apply for discretionary parole unless the three-judge sentencing panel has expressly made them eligible for parole.[5] Thus, these defendants will normally serve the entire term of imprisonment imposed on them. But because the sentencing judge is authorized to adjust the 99–year presumptive term for statutory mitigating factors, and because the three-judge panel is authorized to adjust the presumptive term for nonstatutory mitigating factors or for manifest injustice, a defendant who is sentenced under AS 12.55.125(i)(1)(F) may receive a term of imprisonment that is substantially less than the 99–year presumptive term specified in the statute (and they may be granted parole eligibility by the three-judge panel).

*Sikeo's argument that the proportionality of the 99–year sentence prescribed by AS 12.55.125(i)(1)(F) should be assessed by comparing it to the range of sentences prescribed for murder*

Sikeo argues that if he had committed first-degree murder instead of first-degree sexual abuse of a minor, he would have faced a significantly more lenient penalty range. Sikeo points out that, even though the *maximum* penalty for first-degree murder is the same 99–year term of imprisonment that he faced for first-degree sexual abuse of a minor, the *minimum* penalty for first-degree murder is only 20 years. Thus, Sikeo argues, if he had killed someone instead of sexually abusing someone, the sentencing judge would not have been required to sentence him to a mandatory term of 99 years; rather, the judge could have sentenced him to as little as 20 years to serve.

This reasoning is unpersuasive for three reasons.

First, as we explained in the preceding section of this opinion, the 99–year term of imprisonment prescribed by AS 12.55.125(i)(1)(F) is not a mandatory term of imprisonment, but rather a presumptive term.

Second, even though the sentencing range for first-degree murder is 20 to 99 years' imprisonment, this Court has held that a typical defendant who commits a typical first-degree murder can receive the maximum sentence of 99 years' imprisonment. As we explained in *Sakeagak v. State*, 952 P.2d 278, 285 (Alaska App.1998):

[I]n *Riley v. State*, 720 P.2d 951 (Alaska App.1986), . . . this court rejected a proposed 60–year benchmark sentence for first-degree murder—primarily because 99–year sentences for first-degree murder

---

**2.** *See State v. Price*, 740 P.2d 476, 482 (Alaska App.1987).

**3.** For the sake of accuracy, we note that AS 12.55.175(e) imposes a limitation on the three-judge panel's sentencing authority if the panel's conclusion of manifest injustice is based on the non-statutory mitigator of "exceptional potential for rehabilitation".

**4.** *See* AS 33.20.010(a)(3): "[A] prisoner convicted of an offense . . . and sentenced to a term of imprisonment that exceeds three days is entitled to a deduction of one-third of the term of imprisonment[,] rounded off to the nearest day[,] if the prisoner follows the rules of the correctional facility in which the prisoner is confined. [However, a] prisoner is not eligible for a good time deduction if the prisoner has been sentenced . . . for a sexual felony under AS 12.55.125(i) and [the prisoner] has one or more prior sexual felony convictions as determined under AS 12.55.145(a)(4)."

**5.** *See* AS 33.16.090(b)(2): "A prisoner [who would otherwise be] eligible [for discretionary parole] under (a) of this section [but] who is sentenced . . . to a single sentence within or below a presumptive range set out in AS 12.55.125(c), (d)(2)-(4), (e)(3) and (4), or (i), and [who] has not been allowed by the three-judge panel under AS 12.55.175 to be considered for discretionary parole release, may not be released on discretionary parole until the prisoner has served the term imposed, less good time earned under AS 33.20.010[.]"

have consistently been upheld by the Alaska appellate courts. *Id.,* 720 P.2d at 952. *Riley* does not establish the rule that first-degree murderers can always receive 99–year sentences, nor does *Riley* free sentencing judges from the obligation to base sentences on a careful consideration of the *Chaney* sentencing criteria. *See Riley,* 720 P.2d at 952; *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970); AS 12.55.005. However, after *Riley,* a defendant who challenges a 99–year sentence for first-degree murder must show some reason to believe that his offense is mitigated or that his background is atypically favorable.

In contrast, a first felony offender convicted of first-degree sexual abuse of a minor faces a presumptive range of 20 to 30 years, or a presumptive range of 25 to 35 years, depending on the circumstances of the offense. *See* AS 12.55.125(i)(1)(A)-(B).

This brings us to the main underlying flaw in Sikeo's position—our third reason for rejecting his argument. Sikeo asserts that when we assess the proportionality of his sentence—that is, the proportionality of the sentence prescribed for a *third sexual felony offender* convicted of first-degree sexual abuse of a minor—we should compare it to the sentence prescribed for a *first felony offender* convicted of murder. This is a flawed comparison.

The legislature may constitutionally prescribe a more severe punishment or range of punishment for repeat felony offenders. This being so, it is illogical to compare Sikeo's prescribed punishment for sexual abuse of a minor, which is based in part on his recidivism, to the punishment prescribed for other defendants who may have committed more serious crimes, but who are not repeat felony offenders. Rather, we should be comparing Sikeo's sentence to the sentence prescribed for *third felony offenders* convicted of murder and other serious felonies.

It is true that the statute governing the sentence for murder in the first degree—AS 12.55.125(a)—does not have graduated penalty ranges for first, second, and third felony

offenders. But there is another statute, AS 12.55.125(a)(1), which provides a substantially increased penalty for *all* defendants who commit either an unclassified felony or a class A felony if they have at least two prior convictions for a "most serious felony"—a term that encompasses all unclassified felonies, all class A felonies, first-degree arson, and first-degree promoting prostitution; *see* AS 12.55.185(10).

Under this repeat offender statute, a defendant who is convicted of a third unclassified or class A felony "shall be sentenced to a definite term of imprisonment of 99 years". AS 12.55.125(a)(1). The statute further declares that this 99–year term of imprisonment may not be suspended, nor may the defendant's term of imprisonment otherwise be reduced, except that the defendant is allowed to apply once for a modification or reduction of their sentence under the Alaska Criminal Rules after they serve one-half (*i.e.,* 49 ½ years) of their term of imprisonment. *See* AS 12.55.125(j).

Defendants who are sentenced for a third unclassified or class A felony under AS 12.55.125(a)(1) are not eligible for discretionary parole,[6] nor are they eligible for good time credit.[7] In other words, they will remain in prison for the rest of their lives unless, after serving a minimum of 49½ years, they obtain a reduction of their sentence pursuant to AS 12.55.125(j).

AS 12.55.125(a)(1) is merely the most recent incarnation of the "habitual offender" sentencing statutes that have been part of Alaska law since territorial days. Before our current criminal code took effect, former AS 12.55.050 was the statute that prescribed increased sentences for repeat felony offenders. Under that statute, a second felony offender could be sentenced to up to twice the maximum term of imprisonment prescribed for their current offense; a third felony offender could be sentenced to up to four times the maximum term of imprisonment prescribed for their current offense, and a fourth felony offender could be sen-

---

**6.** *See* AS 33.16.090(a)(1).

**7.** *See* AS 33.20.010(a)(2).

tenced to life imprisonment.[8] Before statehood, a similarly worded territorial statute prescribed these same increased penalties.[9]

Such increased penalties for repeat felony offenders are presumptively constitutional. As our supreme court explained in *State v. Carlson*, 560 P.2d 26, 28–29 (Alaska 1977):

> Habitual criminal statutes are founded on the general principle that persistent offenders should be subject to greater sanctions than those who have been convicted only once.
>
> These statutes serve as a warning to first time offenders and provide them with an opportunity to reform. It is only upon subsequent convictions for repeated criminal conduct that increasingly stiffer sentences are imposed. The reason the sanctions become increasingly severe is not so much that the defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law after conviction of previous infractions.

(citations and internal quotations omitted). A footnote that accompanies the above-quoted portion of *Carlson* notes that essentially all states impose increasingly severe penalties on repeat felony offenders—penalties that go as high as mandatory life imprisonment without parole. *Carlson*, 560 P.2d at 29 n. 8.

*The proportionality of the 99–year presumptive term of imprisonment prescribed by AS 12.55.125(i)(1)(F) when compared to the 99–year mandatory term of imprisonment prescribed by AS 12.55.125(a)(1)*

■ Sikeo's crime—first-degree sexual abuse of a minor—is an unclassified felony.[10] Thus, if Sikeo had committed this crime after being previously convicted of any two unclassified or class A felonies, he would have been subject to the 99–year mandatory term of imprisonment prescribed by AS 12.55.125(a)(1)—irrespective of the sentencing provisions of AS 12.55.125(i)(1) that Sikeo challenges in this appeal.

Sikeo's sentencing is not governed by AS 12.55.125(a)(1) because his prior convictions are not for unclassified or class A felonies. Rather, both of Sikeo's prior convictions are for attempted second-degree sexual abuse of a minor—a class C felony.[11]

In his brief, Sikeo gives a passing mention to the mandatory 99–year term of imprisonment prescribed by AS 12.55.125(a)(1), but he does not suggest that this mandatory term of imprisonment is unconstitutional. Our research shows that this mandatory term is at least presumptively constitutional—because the United States Supreme Court has repeatedly rejected "cruel and unusual punishment" challenges to sentencing statutes that prescribe greatly increased sentences for re-

**8.** Former AS 12.55.050 (originally enacted by SLA 1962, ch. 34, § 8.05, and as amended in 1964 and 1965) provided:

**Increased punishment for persons convicted of more than one felony.** A person convicted of a felony in this state who has been previously convicted of a felony in this state or elsewhere, if the same crime elsewhere would constitute a felony under Alaska law, is punishable as follows:

(1) If the person is convicted of a felony which would be punishable by imprisonment for a term less than his natural life, and has previously been convicted of one felony, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed for the [current] felony of which that person is convicted.

(2) If the person has previously been convicted of two felonies, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed herein for a second conviction of felony [*i.e.*, four times the longest term prescribed for the current underlying felony].

(3) If the person has previously been convicted of three or more felonies, then on the fourth conviction he shall be adjudged an habitual criminal, and is punishable by imprisonment for not less than 20 years nor more than the remainder of his natural life.

**9.** Before statehood, the subject of increased penalties for repeat felony offenders was addressed by § 66–21–2 of the Compiled Laws of Alaska (1949) (originally enacted by Laws 1939, ch. 53, § 2). That territorial statute contained essentially the same penalty provisions as former AS 12.55.050 (the statute whose text is quoted in the preceding footnote).

**10.** *See* AS 11.41.434(b).

**11.** *See* AS 11.41.436(b) (classifying second-degree sexual abuse of a minor as a class B felony) and AS 11.31.100(d)(4) (declaring that any attempt to commit a class B felony is a class C felony).

peat felony offenders. The Supreme Court has declared that these increased penalties are "proportionate" for purposes of the Eighth Amendment because state legislatures are entitled to take account of the defendant's history of criminal conduct and recidivism when assessing the defendant's danger to the public and the need to deter or forestall future crime. *See Ewing v. California,* 538 U.S. 11, 30–31, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003); *Rummel v. Estelle,* 445 U.S. 263, 284–85, 100 S.Ct. 1133, 1144–45, 63 L.Ed.2d 382 (1980) (upholding a mandatory life sentence imposed on a defendant who committed felony theft—obtaining $120.75 by false pretenses—and who had two prior felony convictions).

The Alaska Constitution's prohibition on cruel and unusual punishments might potentially be construed more broadly than its federal counterpart. But the Alaska Supreme Court has consistently held that our state constitution does not require that criminal penalties be directly proportionate to the offense. Only punishments that are "so disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice" are cruel and unusual for purposes of Article I, Section 12 of our Constitution. *Thomas v. State,* 566 P.2d 630, 635 (Alaska 1977); *see also Green v. State,* 390 P.2d 433, 435 (Alaska 1964); *McNabb v. State,* 860 P.2d 1294, 1298 (Alaska App.1993).

For these reasons, we presume (for purposes of the present case) that the 99–year mandatory term of imprisonment prescribed by AS 12.55.125(a)(1)—that is, the 99–year term of imprisonment prescribed for a defendant who commits an unclassified or class A felony after having been convicted on at least two prior occasions of an unclassified or class A felony—is constitutional.

Because of this, if Sikeo is to prevail in his "cruel and unusual punishment" claim, he must establish that his 99–year sentence for first-degree sexual abuse of a minor is arbitrarily and shockingly disproportionate when compared to the 99–year sentences imposed on other repeat felony offenders under AS 12.55.125(a)(1).

As we have explained, Sikeo's current offense (first-degree sexual abuse of a minor) is an unclassified felony, and Sikeo is a third felony offender, but he is not subject to the mandatory 99–term prescribed by AS 12.55.125(a)(1) because his two prior felony convictions are for attempted second-degree sexual abuse of a minor, which is a class C felony.

In light of this distinction, we believe that the real underlying question presented in Sikeo's appeal is whether it is shockingly or arbitrarily disproportionate for the legislature to prescribe a 99–year *presumptive (i.e.,* modifiable) term of imprisonment for defendants who commit first-degree sexual abuse of a minor and who have two prior convictions for *sexual felonies* (even if those sexual felonies are only class B or class C felonies), given the fact that the legislature has prescribed a 99–year *mandatory* term of imprisonment for all defendants who commit an unclassified or class A felony (such as first-degree sexual abuse of a minor) if the defendants have two prior convictions for unclassified or class A felonies of *any kind.*

This question more or less answers itself. If the 99–year mandatory term of imprisonment prescribed by AS 12.55.125(a)(1) is constitutional, then the 99–year presumptive term of imprisonment prescribed by AS 12.55.125(i)(1)(F) is not shockingly or arbitrarily disproportionate. Sikeo's prior felonies may not have been unclassified or class A felonies, but they were *sexual* felonies—and, thus, they bear special relevance to the sentencing of a repeat sexual offender. Moreover, as we have already explained, the 99–year *presumptive* term of imprisonment prescribed by AS 12.55.125(i)(1)(F) is more lenient than the 99–year *mandatory* term of imprisonment prescribed by AS 12.55.125(a)(1) for all defendants convicted of a third unclassified or class A felony.

We therefore reject Sikeo's constitutional attack on the 99–year presumptive term prescribed by AS 12.55.125(i)(1)(F).

The judgement of the superior court is AFFIRMED.