**Stephen ZERBE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3159.**

Supreme Court of Alaska.

Sept. 8, 1978.

---

William H. Fuld, Kay, Christie, Fuld & Saville, Anchorage, for appellant.

G. Thomas Koester, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION

On Petition for Rehearing

CONNOR, Justice.

The State of Alaska petitions for rehearing on the ground that we have overlooked, failed to consider, or misconceived a controlling principle or proposition of law. It asserts that in the opinion which we handed down in this case we did not consider the principle that when a statute is adopted from another jurisdiction it is presumed that interpretations of that statute by courts of that jurisdiction are also adopted with it.

The state asserts that such cases as *Duenges v. United States*, 114 F.Supp. 751 (S.D.N.Y.1953), *Klein v. United States*, 167 F.Supp. 410 (E.D.N.Y.1958), *aff'd per curiam*, 268 F.2d 63 (2d Cir. 1959), and *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), which interpret the federal act from which our own law was drawn, reach a result contrary to that which we reached in the case at bar. Therefore, it is urged, the case at bar was wrongly decided.[1]

The state seeks to support its position by reference to our recent opinion in *Menard v. State*, 578 P.2d 966 (Alaska 1978), in which we resorted for guidance to the interpretations of our criminal assault statute by the Oregon Supreme Court prior to the statute's adoption as the law of Alaska. The state's petition then asserts that our failure to follow the doctrine concerning prior interpretations of adopted statutes results in "legal chaos," and that in determining Alaska law "predictions must be based on a 'result analysis' of decisions in this jurisdiction alone, presumably by ascertaining the trend of those decisions."

Thus, if the argument presented in the petition for rehearing is correct, this court has indulged in an indefensible interpretation of the Alaska tort claims act, and has issued two irreconcilable opinions[2] on the same day.

The state's entire argument is built upon an erroneous major premise.

When a statute is adopted from another jurisdiction, it is not the interpretative decisions of all courts of that jurisdiction which are presumed to be adopted with the statute. As we have taken such pains to say in our earlier opinions, it is only the settled interpretations of the highest court of the other jurisdiction which are presumptively intended by the lawmaker to be adopted with the statute.[3]

The cases of *Duenges v. United States, supra*, and *Klein v. United States, supra*, most certainly were not decisions of the sort which come within the presumption. It would be a curious, indeed irrational, doctrine under which we would somehow be hobbled indefinitely by the decisions of federal trial courts, rendered some years ago, in another part of the country.[4] To our

---

1. We noted and discussed the applicability of those cases in our opinion. In that sense it certainly cannot be maintained that we overlooked them.

2. The case at bar and *Menard v. State, supra.*

3. *Nicholson v. Sorensen*, 517 P.2d 766, 770 (Alaska 1973); *City of Fairbanks v. Schaible*, 375 P.2d 201, 207–208 (Alaska 1962). *See also*

2 Sutherland, Statutory Construction 554 § 5209 (3d ed. Horack 1943).

4. *See Penn Bridge Co. v. City of New Orleans*, 222 F. 737 (5th Cir. 1915), in which the Fifth Circuit held a decision of the Cour de Cassation of France, construing a provision of the Code Napoleon, not binding in construing a similar provision of the Louisiana Code. We also are under no legal compulsion to accept as a rigid

knowledge, no court has ever deemed itself so bound. The case of *United States v. Neustadt, supra,* to which the state alludes, concerns a different question than that presented in the case at bar. Because it is distinguishable it cannot come within the principle of adoptive construction.

 It should be noted that the presumption is, in any event, not conclusive but merely a rule based on convenience and principles of *stare decisis,* whereby things once decided need not constantly be redetermined.[5]

The rule is not invariably followed. It is conceivable, indeed likely, that if a precedent underlying an adopted statute were no longer vital or were poorly reasoned, we would decline to follow it.[6] To do otherwise would represent mechanical jurisprudence of the worst kind.

Based as it is upon an untenable thesis, the petition for rehearing is devoid of merit, and it must be denied.[7]

---

rule the thought processes of those far removed from us in time and place.

**5.** Medina, J. in *Iacone v. Cardillo,* 208 F.2d 696, 699 (2d Cir. 1953), refers to the rule as "at most a convenient guide to the ascertainment of legislative intent," and as a rule of limited application.

**6.** "[T]he rule is not an absolute one, to be followed under all circumstances." *Whitney v. Fox,* 166 U.S. 637, 647, 17 S.Ct. 713, 717, 41 L.Ed. 1145 (1897). *Accord: Lewis v. State,* 32 Ariz. 182, 256 P. 1048 (1927); *State v. District Court,* 119 Mont. 222, 173 P.2d 896 (1946); *Oleson v. Wilson,* 20 Mont. 544, 52 P. 372 (1898); *Morgan v. State,* 51 Neb. 672, 71 N.W. 788 (1897); *State v. Nelson,* 237 N.W. 766

(S.D.1931). The doctrine may have usefulness in conflicts of law situations, but even that is questionable. *See Lee v. Lott,* 50 Ga.App. 39, 177 S.E. 92 (1934); Note, 13 N.C.L.Rev. 497 (1935).

In *State v. Chaplain,* 101 Kan. 413, 415, 166 P. 238, 239 (1917), the court observed that the rule would not be followed "where the foreign interpretation is too severe a shock to the intelligence of the courts of the adopting state."

**7.** The appellate process is burdened, not aided, by having to consider petitions such as this. Even a cursory reading of our decisions in this area, or of treatises such as Sutherland, Statutory Construction, *supra,* should have revealed that the petition would be lacking in merit.