**Kenneth THOMAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–553.**

Court of Appeals of Alaska.

Jan. 11, 1985.

Marlin D. Smith, Fairbanks, for appellant.

Karla Taylor-Welch, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Kenneth Thomas, Jr., was sentenced on June 20, 1984, on two charges of driving while intoxicated. Magistrate Iris A. Lathrop sentenced Thomas to thirty days with twenty-seven days suspended and revoked Thomas' driver's license for one year in case 4TO–S83–88. In case 4TO–S83–205, Magistrate Lathrop sentenced Thomas to forty-five days with fifteen suspended, fined him $1,500 with $500 suspended and revoked his driver's license for ten years. Magistrate Lathrop made the ten-year license revocation consecutive to the one-year revocation in the other case.

Thomas appeals from the part of the sentence in which the magistrate revoked his driver's license for ten years. The magistrate based the revocation on AS 28.-15.181(c) which provides in pertinent part that:

(c) A court convicting a person of [driving while intoxicated or refusal to submit to a chemical test] arising out of the operation of a motor vehicle for which a driver's license is required shall revoke that person's driver's license. The revocation may be concurrent with or consecutive to an administrative revocation under AS 28.15.165. The court may not, except as provided in (e) of this section, grant limited license privileges for the following periods:

. . . .

(3) not less than 10 years if, within the preceding 10 years, the person *has been previously convicted* of more than one of the following offenses or has more than once *been previously convicted* of one of the following offenses:

(A) [Driving while intoxicated or refusal to submit to a chemical test.] [Emphasis provided.]

In addition to the two charges of driving while intoxicated which were before the court, Thomas had previously been convicted of driving while intoxicated in 1976. In sentencing Thomas to the ten-year license revocation, Magistrate Lathrop concluded that she was required to impose this sentence since Thomas' most recent offense resulted in his third conviction for driving while intoxicated. The magistrate reasoned that since this was Thomas' third conviction for driving while intoxicated, he had "been previously convicted of more than one [driving while intoxicated offense]."

Thomas argues on appeal that the magistrate should only have counted his 1976 conviction as a previous conviction for purposes of applying AS 28.15.181(c)(3). He points to our decision in *State v. Rastopsoff*, 659 P.2d 630 (Alaska App.1983). In that case this court interpreted the sections

of the revised criminal code providing presumptive felony sentences for defendants with prior felony convictions. *See* AS 12.-55.125. We held that a defendant could not be sentenced to a presumptive sentence because he had a former felony conviction unless he was convicted of the prior offense before he committed the subsequent felony offense. *Rastopsoff*, 659 P.2d at 636–37. In *Sawyer v. State*, 663 P.2d 230, 232 (Alaska App.1983), we held that a defendant had not been convicted of an offense until he had actually been sentenced on that offense. Thus, for at least presumptive sentencing purposes, under *Rastopsoff* and *Sawyer*, a defendant was not subject to presumptive sentencing because he previously had been convicted of a felony unless he had committed his second felony offense after he had been sentenced on his first felony offense. We based our holding in *Rastopsoff* on *State v. Carlson*, 560 P.2d 26 (Alaska 1977), where the supreme court held that under an habitual criminal statute the state could only use prior convictions to enhance punishment for an offense where the defendant had been convicted on the prior charge before he committed his current offense. The supreme court reasoned that a defendant should be subject to the harsh provisions of the habitual criminal statute only where he had previously been convicted of a felony and had been given the opportunity to reform himself after the commission of that felony. The supreme court noted that where "two convictions occur on the same day, the opportunity for reformation is afforded to [the defendant] only once, not twice." *Carlson*, 560 P.2d at 30. In *Rastopsoff* we reasoned that the legislation which established presumptive sentences for defendants who had previously been convicted of felonies should be interpreted consistently with the statutory interpretation and policy which the supreme court recognized in *Carlson. Rastopsoff*, 659 P.2d at 635. *See also Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978). In *Rastopsoff* we also relied on the maxim that

"ambiguities in penal statutes must be narrowly read and construed strictly against the government." *Rastopsoff,* 659 P.2d at 640, quoting *Cassell v. State,* 645 P.2d 219, 222 (Alaska App.1982). *See also* 3 C. Sands, *Sutherland on Statutory Construction* § 59.03 at 6–8 (4th ed. 1974).

Alaska Statute 28.15.181(c) provides for mandatory periods of license revocation where the defendant "has been previously convicted" of driving while intoxicated or refusal to take a chemical test. The ten-year license revocation in particular is a severe penalty. We see no reason to treat this statute any differently than the habitual criminal statute in *Carlson* or the presumptive sentencing statute in *Rastopsoff.* AS 28.15.181(c) should be interpreted consistently with *State v. Carlson* since the legislature has not given us any indication of an intent not to have the statute interpreted in light of that long standing case law. We see no reason to depart from the policy that criminal statutes should be strictly construed against the government. This seems particularly true where the government seeks to limit judicial authority in sentencing. We conclude that even though Thomas has now been convicted three times for driving while intoxicated, for purposes of applying AS 28.15.181(c) to his two most recent driving while intoxicated convictions, he had only previously been convicted of one driving while intoxicated offense, the one which occurred in 1976. This was the only driving while intoxicated offense for which Thomas had been convicted before he committed either of his two subsequent offenses. We therefore hold that the magistrate erred in concluding that the provisions of AS 28.15.181(c)(3) applied to Thomas, since at the time of his two current offenses he had not been convicted of more than one driving while intoxicated offense. We accordingly vacate the ten-year license revocation and remand for resentencing in accordance with this opinion.

REVERSED and REMANDED.