Peter W. WELLS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–768.

Court of Appeals of Alaska.

Oct. 11, 1985.

---

Linda K. Wilson and Susan Orlansky, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for appellant.

Steven H. Morrissett, Asst. Dist. Atty., Palmer, Dwayne W. McConnell, Dist. Atty., Palmer, W.H. Hawley, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Peter W. Wells was sentenced to a three-year suspended term after entering a plea of no contest to a charge of misconduct involving a controlled substance in the fourth degree. The sentence was imposed consecutively to a sentence Wells was already serving in another case. Wells appeals, contending that the sentencing court erred in concluding that consecutive imposition of his sentence was required by law. In this decision we hold that the sentencing court had discretion under AS 12.55.025 to impose concurrent sentences.

The claim advanced by Wells in this appeal centers on the timing of sentences entered against him in two similar but unrelated cases—one in Anchorage and one in Palmer. Wells was indicted in Palmer on July 13, 1984, for misconduct involving a controlled substance in the fourth degree (unlawful possession of drugs). He eventually pled no contest, and a sentencing hearing was set for November 28, 1984, before Palmer Superior Court Judge Beverly Cutler.

At the sentencing hearing, counsel for the defense and the prosecution referred to a sentence Wells had recently received in Anchorage on a similar but unrelated drug charge.[1] Defense counsel urged Judge Cutler to make Wells' sentence concurrent to the sentence he had received in Anchorage. The prosecution concurred in this recommendation. Nevertheless, Judge Cutler believed she was obligated, under AS 12.55.025, to make Wells' sentence consecutive to his Anchorage sentence. She sentenced Wells to a consecutive term of three years but suspended the entire term on condition that Wells complete a five-year period of probation.[2] Wells then appealed, arguing that Judge Cutler was mistaken in finding that AS 12.55.025 mandated a consecutive sentence.

Subsection (e) of AS 12.55.025 sets out a general rule requiring imposition of consecutive sentences for multiple convictions, subject to the exceptions enumerated in subsection (g). Subsection (g) then specifies the exceptions to the general rule. The relevant portions of subsections (e) and (g) of AS 12.55.025 are as follows:

1. Wells had actually committed the Anchorage offense after committing his offense in Palmer, but he was sentenced in the Anchorage case before being sentenced in Palmer.

2. Because Wells had a record of prior felony convictions, he was subject to a presumptive sentence of three years for the offense in Palmer. Prior to sentencing, however, Judge Cutler found that five mitigating factors were applicable to Wells' case, thereby justifying a downward adjustment of the presumptive term. *See generally* AS 12.55.155.

(e) Except as provided in (g) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment.

.    .    .    .    .

(g) If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentence of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

.    .    .    .    .

The state acknowledges that Wells' Anchorage and Palmer offenses violated similar societal interests and that concurrent sentencing would have been permissible under AS 12.55.025(g)(1) if subsection (g) applied to Wells' case at all. However, contrary to the position it advocated below, the state now contends that subsection (g) is inapplicable here. The state alleges that this case falls instead within the language of the second sentence of AS 12.55.025(e). The state reasons that, because Wells had already been sentenced on the Anchorage charge when he appeared for sentencing before Judge Cutler in Palmer, he was "imprisoned upon a previous judgment of conviction for a crime," and was therefore

subject, under the language of subsection (e), to a mandatory consecutive sentence, without reference to the exceptions stated in subsection (g).[3]

Wells disputes the state's proposed interpretation of AS 12.55.025(e) and (g). He argues that the statute is ambiguous and suggests that its apparent intent is to allow concurrent sentencing in accordance with subsection (g) in all cases except those in which a prior judgment of conviction was already entered against a defendant before commission of the current offense. Thus, in Wells' view, concurrent sentencing would be categorically precluded only if the defendant was already serving a sentence of imprisonment or was released on probation or parole following a conviction when the crime for which he is being sentenced was committed.

Upon consideration of the arguments advanced by the parties, we believe that the interpretation proposed by Wells has merit and must be adopted. On several recent occasions we have noted that the provisions of AS 12.55.025 dealing with consecutive sentencing suffer from significant ambiguity. *See, e.g., State v. Andrews,* 707 P.2d 900 (Alaska App.1985);[4] *Griffith v. State,* 675 P.2d 662 (Alaska App.1984). It is well established that, in accordance with the rule of lenity, ambiguities in penal statutes must be resolved in favor of the accused. *Andrews,* 707 P.2d at 907; *State v. Rastopsoff,* 659 P.2d 630 (Alaska App.1983). In this

**3.** The state bolsters its argument by pointing out that under the prefatory language of subsection (g), concurrent sentencing is permissible only in cases where "the defendant has been convicted of two or more crimes before the judgment on either has been entered." Since Wells was convicted of the Palmer charge after judgment had been entered on the Anchorage charge, not before, the state asserts that subsection (g), by its own terms, is inapplicable to his case.

**4.** In *Andrews,* we held that the ambiguity inherent in AS 12.55.025(g) required that provision to be construed as a non-directory statement of legislative preference for consecutive sentencing. Thus, we held that, within the limits of sound discretion, sentencing courts are authorized to impose concurrent sentences in all cases that fall within subsection (g). The

present case was briefed and submitted to this court prior to issuance of our decision in *Andrews;* the parties have had no opportunity to consider the potential impact of *Andrews* on subsection (e) of the statute. It is at least arguable, however, that subsections (e) and (g) must be read together and that the ambiguity in subsection (g) necessarily affects subsection (e), precluding any interpretation of subsection (e) that would make consecutive sentencing mandatory. Since the parties have not addressed the question of the extent to which subsection (e) is dependent on subsection (g), we do not decide it. Our decision in this case assumes *arguendo* that subsection (e) is independent of subsection (g) and that the holding in *Andrews* affects only subsection (g).

case, we find the crucial statutory language to be substantially ambiguous.

At issue here is the meaning of the language contained in the second sentence of AS 12.55.025(e), which requires imposition of a consecutive sentence "[i]f the defendant is imprisoned upon a *previous judgment* of conviction for a crime." (Emphasis added). While the wording of the statute establishes the prerequisite of a "previous judgment," the statute itself does not specify whether the judgment must precede the commission of the current offense or the entry of judgment on the current offense. The state's interpretation of subsection (e) assumes that "previous judgment" means any judgment entered before the entry of judgment in the current case. While this interpretation may seem plausible at first blush, it is on closer examination problematical.

To interpret subsection (e) in the manner proposed by the state would lead to irrational results: a defendant charged with and convicted of two or more separate crimes in a single indictment would be subject to concurrent sentencing. The same would hold true for a defendant charged with separate crimes in separate indictments if that defendant made arrangements for sentencing proceedings on the charges to be consolidated. Yet, for a defendant who did not have the foresight to arrange consolidated sentencing proceedings or for whom consolidated proceedings were not possible due to scheduling problems or other procedural difficulties, imposition of consecutive sentences would be mandatory if the state's interpretation were adopted.

We cannot conceive why the legislature might have intended the application of mandatory consecutive sentencing to turn on such fortuitous and haphazard considerations. The present case provides an excellent illustration. Here, Wells' Anchorage counsel was apparently unaware of the pending Palmer charges when Wells pled no contest and was sentenced for the Anchorage offense; consequently, no effort was made to obtain consolidated sentencing hearings. Although the state concedes that, under its proposed interpretation, a routine request for consolidated sentencing hearings would have sufficed to avoid a mandatory consecutive sentence, it maintains that in the absence of such a request a consecutive sentence was required. The state insists that, even if it does not particularly make sense, this is apparently the manner in which the legislature intended AS 12.55.025(e) to be construed. Yet we believe that the irrationality of this result only serves to underscore the ambiguity in the statutory language.

It is particularly significant that the ambiguity here is virtually identical to that presented in *State v. Rastopsoff,* 659 P.2d 630 (Alaska App.1983), and *State v. Carlson,* 560 P.2d 26 (Alaska 1977). *Rastopsoff* and *Carlson,* in slightly different contexts, construed the meaning of the statutory term "previous conviction." Here, the ambiguous statutory language at issue is "previous judgment of conviction." Both *Rastopsoff* and *Carlson* held that the statutory wording did not apply to all convictions entered before the conviction for which sentence was currently being imposed, but rather only to convictions occurring before commission of the current offense.

We think that *Rastopsoff* and *Carlson* provide a sound basis for resolving the statutory ambiguity in this case.[5] Accord-

---

**5.** We note a similar ambiguity in the prefatory language of AS 12.55.025(g), which provides for concurrent sentencing "if the defendant has been convicted of two or more crimes before the judgment on either has been entered." It is unclear whether "before," as used in this statute, refers to "convicted" or "crimes." This language could be read to refer to two or more *convictions* occurring before the judgment on either is entered. While this initially seems to be the most reasonable interpretation, upon further scrutiny it becomes troublesome: so construed, the statute appears to define a null set. Since a conviction does not occur until judgment is entered, *Sawyer v. State,* 663 P.2d 230, 231 (Alaska App.1983), there would never be a case where a defendant was "convicted" of two crimes before the judgment on either was entered. An alter-

ingly, we hold that, as used in subsection (e) of AS 12.55.025, "previous judgment of conviction" means only those judgments entered prior to the commission of the crime for which sentence is currently to be imposed. Since the judgment of conviction in Wells' Anchorage case was entered after he had committed the offense in Palmer, concurrent sentencing was not barred by AS 12.55.025. Consequently, Judge Cutler's conclusion that consecutive sentences were mandatory requires that Wells' sentence be VACATED and his case REMANDED for resentencing.

VACATED and REMANDED.

native interpretation of subsection (g) would be to construe the statute to refer to two or more *crimes* occurring before the judgment on either is entered. This interpretation is compatible with Wells' proposed interpretation of subsection (e), since it would exclude from coverage under subsection (g) only those cases in which the defendant's prior conviction was entered before commission of the current offense.